van Gestel, J.
This matter is before the Court on a motion by the defendant General Motors Corporation (“General Motors”) pursuant to Mass.R.Civ.P. Rule 42(a) seeking the complete fusion of this case with an action presently pending as Mark R. Nixon, et al. v. General Motors Corporation, Middlesex Superior Court No. 96-1703-J (“the original action”). Both this action and the original action arise out of the same single vehicle motor vehicle accident. At the time of the accident, the plaintiff here was a minor, and a passenger in a vehicle owned by her parents and operated by one of her brothers. Another brother of the plaintiff here was another passenger in the vehicle. For reasons not clear, the plaintiff did not join in the original action brought by her parents and both brothers against General Motors and Gallo Motor Center Corp.
The original action has been through massive discovery and a number of convolutions regarding counsel and other issues. Discovery in the original action by the plaintiffs there has been brought to a conclusion by the court (Sosman. J. and Fahey, J.), despite. severail efforts to extend it.
General Motors here claims, among other things, that this new suit by Natalie Nixon is an attempt to. avoid the discovery cut-off in the original action. It is for that reason that General Motors now seeks fusion and an order rigidly limiting Natalie Nixon’s discovery on liability issues to essentially that which already has been taken by the plaintiffs in the original action.
Viewed from a vantage point of judicial economy, to accede to General Motors’ request has an instinctive appeal to the Court. This Court is also aware, however, that to do so may have at least two inappropriate results. First, the application of the limitation on the plaintiffs discovery in the newly filed case will deprive her of a fair opportunity to prepare and present her case and the theories that support it. Even if this Court, however, can creatively find a way for the plaintiff here to have fair discovery, in addition to that already completed in the original case, there remains a second inappropriate result. The fusion of the two cases, despite the fact that they arise out of the same single vehicle accident, given the current plaintiffs professed different theories of liability, will create substantial potential for confusion before a juiy and for the presiding judge. What evidence, from which expert witness, or which internal General Motors document, or other source, should the jury consider only on behalf of or against the plaintiff here, and what evidence may the jury consider on behalf of or against the plaintiffs in the original action?
The legal disharmony posed by the kind of fusion requested leads this Court to exercise its discretion, at least at this time, and DENY the motion to fuse.